LAW OFFICE OF JARRED S. FREEMAN L.L.C.
3840 Park Avenue
Edison N.J. 0820
T (732) 494-7900
F (732) 494-7904
ATTORNEYS FOR PLAINTIFF BOSTON SCIENTIFIC CORP.

-----------------------------------------------X

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BOSTON SCIENTIFIC CORP.,

     Plaintiff,

        v.                                        __ Civ.

NEW YORK CENTER FOR
SPECIALITY SURGERY;
ABC CORP. 1-10;
JOHN DOE. 1-10,

Jointly and Severally,
     Defendants.

-----------------------------------------------X

## VERIFIED COMPLAINT

Boston Scientific Corporation ("plaintiff or in the alternative Boston Scientific"), by

and through their attorneys, Law Office of Jarred S. Freeman L.L.C., as and for their

Complaint, respectfully allege as follows:

## NATURE OF THE CASE AND JURISDICTION

1.  This is a civil action brought, *inter alia*, by Boston Scientific for equitable relief

and for breach of contract, account stated, unjust enrichment and *quantum meruit*. This Complaint alleges that by failing, refusing or neglecting to comply with specific contractual obligations defendants are liable to plaintiffs for an unpaid sum of $77,859.34 plus interest, attorney's fees, and punitive damages as the Court sees fit.

2. Jurisdiction of this Court is invoked due to diversity of the parties. Plaintiff is a Delaware Corporation with principal executive offices located at One Boston Scientific Place, Matick, MA 01760. Defendant New York Center For Specialty Surgery ("Surgery Center") is a New York domestic not-for-profit corporation with a principal place of business located at 313 43rd Street, Brooklyn, NY 11232. The amount in controversy excluding interest and fees is $77,859.34.

3. Venue properly lies in this district as defendant Surgery Center is located in the county of Kings.

PARTIES

4. Plaintiff is a Delaware Corporation authorized to conduct business in the State of New York; founded in 1979 with the purpose to lead global markets for less-invasive medical devices by developing and marketing innovative products, services and therapies that address unmet patient needs, provide superior clinical outcomes and demonstrate proven economic value.

2

5.  Defendant Surgery Center is a New York not-for-profit corporation engaged in providing medical and healthcare services with a principal place of business located at 313 43rd Street, Brooklyn, NY 11232.

6.  Defendant(s) ABC Corp. 1-10 are fictitious defendant(s) sued because the identities of all business entities involved in the complaint at issue are presently unknown.

7.  Defendant(s) John Doe 1-10 are fictitious defendant(s) sued because the identities of all individuals involved in the complaint at issue are presently unknown.

STATEMENT OF FACTS

8.  Defendant Surgery Center contracted with Boston Scientific to provide medical supplies to defendant pursuant to purchase orders.

9.  Plaintiff invoiced defendant Surgery Center regarding payment multiple times without receiving payment back.  Copies of invoices from March 2014 are attached as Exhibit A.

10. Defendant Surgery Center only made one valid payment towards it debt via check number 2163 dated August 25, 2014 from an account with Signature Bank [Exhibit B].  Other checks sent earlier in June and July of 2014 from an account with Chase Bank "bounced." [Exhibit C]

11. As of September 5, 2014, defendant Surgery Center owes plaintiff $77,859.34 plus

3

1.5% interest for a total of $79,027.23.

12. As of September 5, 2014, plaintiff provided $77,859.34 in medical supplies to defendant Surgery Center, for which defendants fail to remunerate plaintiff.

13. Although plaintiff provided the medical supplies pursuant to contract, there currently remains a balance due of $77,859.34 in principal plus $1,167.89 in contractual interest, for a total of $79,027.23.

14. Plaintiff has demanded that defendants pay the outstanding balance multiple times and have given defendants ample opportunity to do so but defendants have substantially and materially breached the agreement by refusing to pay.

15. Due to the defendants actions' plaintiffs have been forced to commence the instant litigation and expend funds retaining counsel.

AS AND FOR A FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)
[ALL DEFENDANTS]

16.     Plaintiff repeats and reiterates the allegations contained previously in the Complaint as if same were set forth at length herein.

17.     Defendants contracted with plaintiff to provide medical supplies to healthcare facilities under defendants' control at 313 43rd Street, Brooklyn, NY 11232.

18.     Plaintiff provided medical supplies to defendants pursuant to defendants' orders under the terms of their contractual agreement.

4

19.     Defendants have substantially and materially breached this agreement by refusing and failing to pay plaintiff the outstanding balance.

20.     Plaintiff has demanded the outstanding amount from defendants multiple times to no avail.

21.     As a direct and proximate result of defendants' breach, plaintiff sustained substantial damages.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a)     Damages in the amount of $79,027.23 including contractual interest;

(b)     Attorney's fees in the amount of $25,953.11;

(c)     Costs of suit; and

(d)     Such other and further relief which the Court deems equitable and just.

AS AND FOR A SECOND CLAIM FOR RELIEF
(ACCOUNT STATED)
[ALL DEFENDANTS]

22.     Plaintiff repeats and reiterates all the allegations contained previously in the Complaint as if same were set forth at length herein.

23.     Plaintiff provided defendants with medical supplies are the defendants' behest.

24.     During all relevant times, plaintiff invoiced defendants with the outstanding

5

amounts due.

25.     Prior to providing said medical supplies to defendants, plaintiff and defendant maintained a debtor-creditor relationship.

26.     Plaintiff and defendant maintained a contractual and implied agreement as to the amount due.

27.     Defendant maintained the express promise to pay the amount due.

28.     Plaintiff provided defendant with a statement of the account, for which defendants agreed to the total amount due.

29.     Plaintiff has demanded that the balance be paid in full but defendants have not paid same.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a)     Damages in the amount of $79,027.23 including contractual interest;

(b)     Attorney's fees in the amount of $25,953.11;

(c)     Costs of suit; and

(d)     Such other and further relief which the Court deems equitable and just.

AS AND FOR A THIRD CLAIM FOR RELIEF
(PROMISSORY ESTOPPEL)
[ALL DEFENDANTS]

30.     Plaintiff repeats and reiterates all the allegations contained earlier in the Complaint as if same were set forth at length herein.

31.     At defendants' request, plaintiff provided medical supplies of which an unpaid balance remains at $77,859.34.

32.     The $77,859.34unpaid balance represents a fair and reasonable value of the medical supplies provided by plaintiff at defendants' request.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

(a)     Damages in the amount of $79,027.23 including contractual interest;

(b)     Attorney's fees in the amount of $25,953.11;

(c)     Costs of suit; and

(d)     Such other and further relief which the Court deems equitable and just.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
(UNJUST ENRICHMENT)
[ALL DEFENDANTS]

33.     Plaintiff repeats and reiterates all the allegations contained earlier in the Complaint as if same were set forth at length herein.

34.     As a direct and proximate result of defendants' conduct, defendants have been unjustly enriched and will continue to be unjustly enriched at plaintiff's expense if they are allowed to retain the benefits of the medical supplies already delivered

7

without compensating plaintiff for the value of same.

    WHEREFORE, plaintiff demands judgment against defendants, jointly and severally for:

  (a)  Damages in the amount of $79,027.23  including contractual interest;

  (b)  Attorney's fees in the amount of $25,953.11;

  (c)  Costs of suit; and

  (d)  Such other and further relief which the Court deems equitable and just.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## (QUANTUM MERUIT)
## [ALL DEFENDANTS]

35.  Plaintiff repeats and reiterates all the allegations contained earlier in the Complaint as if same were set forth at length herein.

36.  In good faith, plaintiff provided medical supplies to defendants, at healthcare centers under defendants' control at 313 43rd Street, Brooklyn, NY 11232.

37.  The medical supplies that plaintiff provided were either expressly or impliedly accepted by defendants.

38.  Plaintiff reasonably expected compensation for the medical supplies it provided to defendants

39.  The fair and reasonable value of the medical supplies accepted by defendants

but that remain unpaid is AMOUNT1.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally for:

(a)    Damages in the amount of $79,027.23 including contractual interest;

(b)    Attorney's fees in the amount of $25,953.11;

(c)    Costs of suit; and

(d)    Such other and further relief which the Court deems equitable and just.

## CERTIFICATION OF NO OTHER ACTIONPENDING AND THAT ALL NECESSARYPARTIES HAVE BEEN JOINED

========================================

Jarred S. Freeman, Esq. does herein certify that there is not to his knowledge presently pending any other action at law concerning the facts and causes of action set forth and raised herein and that there is no indispensable party to this action who has not been joined.

## DESIGNATION OF TRIAL COUNSEL

JARRED S. FREEMAN, ESQ. is herein designated as counsel for plaintiff as to all issues.

LAW OFFICE OF JARRED S. FREEMAN L.L.C.
ATTORNEYS FOR PLAINTIFF

By:

_____
JARRED S. FREEMAN, ESQ.

Dated: 10/22/14

9

## CERTIFICATION OF PLAINTIFF FOR VERIFIED COMPLAINT

I, Donald E. Foulsham, principal of BOSTON SCIENTIFIC CORP. of full age, hereby certify upon my oath that I have read the completed Complaint and that everything written therein is true and accurate. I understand if anything written herein is intentionally false, I am subject to punishment.

Dated: 10-16-14

Subscribed and sworn to before me this 16th day of Oct., 2014 by

JARRED S. FREEMAN, ESQ.
an Attorney-At-Law of the State of New Jersey
authorized to administer this oath pursuant
to N.J.S.A. 41:2-1

10