UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BOSTON SCIENTIFIC CORP.,

                Plaintiff,

                ORDER ADOPTING
                REPORT AND RECOMMENDATION
        - against -                14-CV-6170 (RRM) (SMG)

NEW YORK CENTER FOR SPECIALTY
SURGERY; ABC CORP. 1-10; and JOHN
DOE 1-10,

                Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Boston Scientific Corporation ("Boston Scientific") commenced this diversity action on October 22, 2014 for breach of contract, account stated, unjust enrichment, quantum meruit, and promissory estoppel against defendant New York Center for Specialty Surgery ("Specialty Surgery").[1] (Pl. Compl. (Doc. No. 1) ¶¶ 1-2 ("Compl.").) Boston Scientific alleges that it entered into a contract with Specialty Surgery for the sale of medical supplies, but that Specialty Surgery failed to pay for most of them. (*Id.* ¶¶ 8-9.) Boston Scientific seeks to recover the unpaid balance it is due, as well as interest at a rate specified in its invoices to Specialty Surgery. (*Id.* ¶¶ 11-13.) Boston Scientific's complaint also requests an award of attorney's fees. (*Id.* Wherefore Clauses.) Having been properly served, Specialty Surgery has failed to appear or otherwise defend the action, and its default was noted by the Clerk of Court on February 27, 2015.

      Boston Scientific moved for default judgment against Specialty Surgery. (Mot. Default J. (Doc. No. 10).) This Court referred that motion to Chief Magistrate Judge Steven M. Gold. Before the Court is Judge Gold's Report and Recommendation (the "R&R") (Doc. No. 16.), which recommends granting Boston Scientific's motion for default judgment on its breach of contract

---

[1] Also named in the complaint are various John Doe defendants, both individuals and corporate entities. Boston Scientific has not identified them, and does not seek any relief against them.

claim, and awarding both contractual damages and interest as requested by Boston Scientific and as set forth in the R&R.  Judge Gold also ordered Boston Scientific to serve Specialty Surgery with a copy of the R&R, and Boston Scientific complied as evidenced by a Certificate of Service filed with the Court.[2]  (Doc. No. 17.)

Judge Gold reminded the parties that, pursuant to Rule 72(b), any objections to the R&R had to be filed by September 17, 2015.  No party has filed any objections.  Thus, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, adopts the R&R in its entirety.  *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, it is hereby ORDERED that default judgment be entered in favor of plaintiff Boston Scientific and as against defendant Specialty Surgery in the total amount of $79,027.23 representing contractual damages in the amount of $77,859.34 and contractual interest in the amount of $1,167.89.

The Clerk of Court is respectfully directed to enter judgment pursuant to this Order, and to send a copy of this Order and the accompanying judgment to Specialty Surgery at the following address:  New York Center for Specialty Surgery, 313 43rd Street, Brooklyn, NY 11232.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       January 29, 2016                    _____
                                           ROSLYNN R. MAUSKOPF
                                           United States District Judge

---

[2] Judge Gold ordered Boston Scientific to serve copies of the R&R upon Specialty Surgery and to file proof of service with the Court in his August 31, 2015 R&R.  The Court notes that Boston Scientific complied with this directive on October 20, 2015 and that Specialty Surgery has filed no objections to the R&R following service.