```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BOSTON SCIENTIFIC CORP.,

                    Plaintiff,
                                                                    ORDER ADOPTING
                                                                    REPORT AND RECOMMENDATION
           - against -                                              14-CV-6170 (RRM) (SMG)


NEW YORK CENTER FOR SPECIALTY
SURGERY; ABC CORP. 1–10; and JOHN
DOE 1–10,

                    Defendants.
-------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Boston Scientific Corporation ("Boston Scientific") commenced this diversity action on October 22, 2014 for breach of contract, account stated, unjust enrichment, quantum meruit, and promissory estoppel against defendant New York Center for Specialty Surgery ("Specialty Surgery"), as well as unnamed individual and corporate defendants identified as "ABC Corp. 1 through 10" and "John Doe 1 through 10" (collectively, "Other Defendants"). (Pl. Compl. (Doc. No. 1) ¶¶ 5–7.) Default judgment was entered against Specialty Surgery on January 29, 2016. (Doc. No. 20.) By Order of the magistrate judge assigned to this case, the Honorable Steven M. Gold, dated August 23, 2016, Boston Scientific was directed to submit a status report stating whether it intended to pursue its claims against Other Defendants by September 9, 2016. Boston Scientific failed to meet that deadline. Accordingly, on September 12, 2016, Judge Gold issued a Report and Recommendation ("R&R") recommending that Boston Scientific's claims against Other Defendants be dismissed with prejudice for failure to prosecute. (Doc. No. 21.) Judge Gold reminded the parties that, pursuant to Rule 72(b), any objection to the R&R must be filed by September 29, 2016. No party has filed any objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, adopts the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Rule 41(b) of the Federal Rules of Civil Procedure governs the dismissal of an action or claim for a plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 Fed. App'x 647, 648 (2d Cir. 2012). Dismissals pursuant to Rule 41 are within the discretion of the court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*, 597 Fed. App'x 31, 32 (2d Cir. 2015); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no one factor is dispositive. *Id*. at 216.

Here, the requisite factors, on balance, support Judge Gold's recommendation. More than nine months have passed since default judgement was entered against Specialty Surgery, and Boston Scientific has taken no action to move forward with its claims against Other Defendants, including serving Other Defendants. Judge Gold asked for a status report by September 9, 2016 and

plainly warned that failure to respond would result in a recommendation to dismiss for failure to prosecute. Boston Scientific failed to respond. Judge Gold then issued an R&R recommending dismissal, and Boston Scientific failed to object. Where a plaintiff has become inaccessible for months at a time, courts presume prejudice. *See, e.g.*, *Dong v. United States*, 2004 U.S. Dist. LEXIS 3125, at *8 (S.D.N.Y. Mar. 2, 2004) (presuming prejudice where plaintiff had no contact with court or adversary for over two months). Moreover, there is no lesser sanction that is reasonable. For these reasons, the balance of factors tips decidedly in favor of dismissal.

      The Court adopts the R&R in its entirety. The claims against ABC Corp. 1 through 10 and John Doe 1 through 10 are dismissed for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      February 28, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge